## UNITED STATES v. COX.

### No. 7876.

United States Court of Appeals for the District of Columbia.

Decided June 1, 1942.

[3] Miller v. United States, 6 Cir., 300 F. 529, 536.

[4] Ibid.

[8] D.C.Code (1940 ed.) § 22—2801.

[9] Ibid.

Mr. Julius C. Martin, Director, Bureau of War Risk Litigation, Department of Justice, with whom Messrs. Wilbur C. Pickett, Special Assistant to the Attorney General, and Keith L. Seegmiller, Attorney, Department of Justice, were on the brief, all of Washington, D. C., for appellant. Mr. Edward C. Curran, United States Attorney, of Washington, D. C., also entered an appearance for appellant.

Messrs. Warren E. Miller and C. L. Dawson, both of Washington, D. C., for appellee.

Before STEPHENS, VINSON, and RUTLEDGE, Associate Justices.

VINSON, Associate Justice.

Mr. Cox, after his claim was denied by the Administrator of Veterans' Affairs, brought this action in the District Court to recover total and permanent disability benefits under a contract of yearly renewable term insurance. Mr. Cox received a jury verdict, and the Government appeals.

By far the most important, and the only substantive, issue in this appeal is whether there was sufficient evidence to support the jury verdict for plaintiff. On that issue the answer must be emphatically in plaintiff's favor. Not that there was little evidence for defendant, nor that some men might not have concluded for it. But the position that there was not sufficient evidence to support the jury's conclusion that plaintiff was totally and permanently disabled as of the critical date admits of little argument.

The three remaining arguments relate to the method of the trial. The Government contends that its expert medical witness was erroneously prevented from answering a particular hypothetical question. We are not sure that it was a proper question. The Government apparently did not exhaust its possibilities in the phrasing of the question. The chief information Government counsel sought to elicit, moreover, was given in the testimony of this witness when his answers both to the direct and to the cross-examination are considered. In any event, however, the record discloses no offer of proof.

The Government contends that two additional instructions should have been given. The charge and instructions given, insofar as they are revealed to us by the record, adequately presented the issue of total and permanent disability. The denial of two other instructions on this issue could not be error.

The Government states that the Court manifested partiality and bias. A careful reading of the entire record convinces us that there is no reversible error on this score.

We conclude, after a consideration of the effect of these alleged errors, that the judgment should be affirmed.

STEPHENS, Associate Justice, concurs in the result.